**ZAI CHENG ZHU, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 03–40473–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Gang Zhou, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Craig Oswald, Assistant United States Attorney, Stephen Kubiatowski, Assistant United States Attorney, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Zai Cheng Zhu, a native and citizen of the People's Republic of China, seeks re-

view of an August 18, 2003, order of the BIA affirming the April 4, 2002, decision of Immigration Judge ("IJ") Miriam K. Mills denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Zai Cheng Zhu*, No. A 78 411 345 (B.I.A. Aug. 18, 2003), *aff'g* No. A 78 411 345 (Immig. Ct. N.Y. City Apr. 4, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Zhu failed to raise his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Therefore, Zhu's CAT claim is deemed waived.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found that Zhu was not credible, citing the inconsistency between Zhu's testimony regarding his arrest in October 1999, when (he claimed) he was "beaten by the police during his repatriation to China after illegally departing," and Zhu's credible fear interview statement that he had never been arrested. The IJ found that inconsistency significant, since Zhu testified that "he began the practice of Falun Gong to alleviate health problems sustained after being arrested in October of 1999 and beaten by police during his repatriation to China after illegally departing." This finding was sound, as Zhu's credible fear interview bears hallmarks of reliability identified in *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir.2005). Moreover, Zhu's failure to mention at his credible fear interview that he was arrested and beaten by the Chinese government in 1999 casts doubt not only on the reasons that he practiced Falun Gong, but on his claim that he practiced Falun Gong at all. As such, it went to the heart of his claim. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 308–09 (2d Cir.2003).

The IJ also found that in light of Zhu's testimony that he practiced the lotus position only, "it is inconceivable why he would be arrested for practicing Falun Gong." We have stated that we will reject an inference made by an IJ only when it is based on "bald" speculation: but we recognize that a certain degree of speculation inheres in the drawing of inferences and we uphold such inferences so long as the "an inferential leap is tethered to the evidentiary record." *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007). Here, the IJ's finding was tethered to the record: Zhu testified that he only knew and practiced the lotus position while in China; but the lotus position is not one of the five exercises of Falun Gong.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).